E-FILED
Tuesday, 02 June, 2026 01:41:16 PM
Clerk, U.S. District Court, ILCD

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
### PEORIA DIVISION

| | |
|---|---|
| LUIS VILLAVICENCIO-SERNA,   )<br>    Plaintiff,   )<br>   )<br>   v.   )<br>   )<br>RODNEY ALFORD *et al.*,   )<br>    Defendants.   ) | Case No. 1:25-cv-01457-SEM |

## MERIT REVIEW ORDER

**SUE E. MYERSCOUGH, United States District Judge:**

Before the Court is a Complaint (Doc. 1) under 42 U.S.C. § 1983 filed by Plaintiff Luis Villavicencio-Serna, an inmate at Pontiac Correctional Center ("Pontiac"). Plaintiff has also filed a Motion for Counsel (Doc. 4.)

The Court concludes that Plaintiff's pleading states an Eighth Amendment deliberate indifference claim for relief. Plaintiff's Motion for Counsel is denied.

## I. COMPLAINT

### A. Screening Standard

The Court must "screen" Plaintiff's complaint and dismiss any legally insufficient claim or the entire action if warranted. 28 U.S.C.

Page **1** of **8**

§ 1915A. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.* In reviewing the complaint, the Court accepts the factual allegations as accurate, liberally construing them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013) (citation omitted).

### B. Alleged Facts

Plaintiff's Complaint alleges constitutional violations at Pontiac Correctional Center ("Pontiac") against Defendants Rodney Alford, former Warden Mindi Nurse, Healthcare Supervisor Nikki Rambo, and John Does I and II.

On August 22, 2024, Plaintiff saw Defendant Alford for a "broken metal rod" in his left leg that caused him excruciating pain. Plaintiff claims Alford prescribed medication that was ineffective and denied requests for X-rays and a referral to an orthopedic specialist.

Plaintiff spoke and wrote to Defendant Rambo about his medical condition to no avail, and Rambo documented Plaintiff's receipt of pain medication, which Plaintiff asserts was false. Plaintiff further asserts that his letters and emergency grievances addressed to Defendant Nurse failed to address his pain. Plaintiff names Defendant Doe II, claiming that he has "seen him/her [a] couple of times and they always denied me medical attention." (Pl. Compl., Doc. 1 at 6.)

### C. Analysis

"Prison officials violate the Eighth Amendment's proscription against cruel and unusual punishment when their conduct demonstrates 'deliberate indifference to serious medical needs of prisoners.'" *Gutierrez v. Peters*, 111 F.3d 1364, 1369 (7th Cir. 1997) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)). To succeed on a claim of deliberate indifference to a serious medical need, a plaintiff must satisfy a test that contains both an objective and subjective component. *Vance v. Peters*, 97 F.3d 987, 991 (7th Cir. 1996). Under the objective element, a plaintiff must demonstrate that his medical condition is sufficiently severe. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). Under the subjective component, the

prison official must have acted with a "sufficiently culpable state of mind." *Id.* Thus, a plaintiff can establish deliberate indifference by showing that a defendant "knew of a substantial risk of harm to the inmate and disregarded the risk." *Greeno v. Daley,* 414 F.3d 645, 653 (7th Cir. 2005).

Plaintiff's account is sufficient to state a plausible deliberate indifference to medical need claim under the Eighth Amendment against Defendants Alford, Doe II, Nurse, and Rambo. However, Plaintiff does not state plausible claims against Defendant John Doe I, whom Plaintiff identifies as Alford's employer. See *Streckenbach v. Vandensen,* 868 F.3d 594, 598 (7th Cir. 2017) (concluding that a supervisor may not be personally liable even where it is "foreseeable that subordinates [will] make operational errors" because this would be vicarious liability, which is not allowed under § 1983).

## II. COUNSEL

Plaintiff has no constitutional right to counsel, and the Court cannot require an attorney to accept *pro bono* appointments in civil cases. The most the Court can do is ask for volunteer counsel. *See Jackson v. County of McLean,* 953 F.2d 1070, 1071 (7th Cir. 1992)

(holding that although indigent civil litigants have no constitutional right to counsel, a district court may, in its discretion, request counsel to represent indigent civil litigants in certain circumstances). In considering Plaintiff's motion for counsel, the Court must ask two questions: "(1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?" *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007).

The Court denies Plaintiff's Motion for Counsel (Doc. 4) because he has not satisfied his threshold burden of demonstrating that he has attempted to hire counsel, which typically requires writing to several lawyers and attaching the responses received.

**IT IS THEREFORE ORDERED:**

1) **Plaintiff's Motion for Counsel (Doc. 4) is DENIED.**

2) **According to the Court's merit review of Plaintiff's complaint [1] under 28 U.S.C. § 1915A, Plaintiff has alleged enough facts to proceed with an Eighth Amendment deliberate indifference to serious medical needs claim against Defendants Alford, Doe II, Nurse, and Rambo. Any additional claims shall not be included in the case, except at the Court's discretion on motion by a party for good cause shown or under Federal Rule of Civil Procedure 15.**

3) The Clerk of the Court is DIRECTED to terminate Doe I as a party.

4) This case is now in the process of service. The Court advises Plaintiff to wait until counsel has appeared for Defendants before filing any motions to give Defendants notice and an opportunity to respond to those motions. Motions filed before Defendants' counsel has filed an appearance will be denied as premature. Plaintiff need not submit any evidence to the Court at this time unless otherwise directed by the Court.

5) The Court will attempt service on Defendants by mailing a waiver of service. Defendants have sixty days from service to file an Answer. If Defendants have not filed Answers or appeared through counsel within ninety days of the entry of this order, Plaintiff may file a motion requesting the status of service. After Defendants have been served, the Court will enter an order setting discovery and dispositive motion deadlines.

6) If a Defendant no longer works at the address provided by Plaintiff, the entity where that Defendant worked while at that address shall submit to the Clerk said Defendant's current work address, or, if not known, said Defendant's forwarding address. This information shall be used only for effectuating service. Documentation of forwarding addresses shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

7) Defendants shall file their respective Answers within sixty days of the date the Clerk sends the waiver. A motion to dismiss is not an answer. The answer should include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings shall be to the issues and claims stated in this order. In general, an answer sets forth Defendant's positions. The Court does not rule on the

merits of those positions unless and until Defendants file a motion. Therefore, no response to the answer is necessary or will be considered.

8) This District uses electronic filing, which means that after Defendants' counsel has filed an appearance, Defendants' counsel will automatically receive electronic notice of any motion or other paper filed by Plaintiff with the Clerk. Plaintiff does not need to mail copies of motions and other documents that Plaintiff has filed with the Clerk to Defendants' counsel. However, this does not apply to discovery requests and responses. Discovery requests and responses are not filed with the Clerk of the Court. Plaintiff must mail his discovery requests and responses directly to Defendants' counsel. Discovery requests or responses sent to the Clerk will be returned unfiled unless they are attached to and the subject of a motion to compel. Discovery does not begin until Defendants' counsel has filed an appearance, and the Court has entered a scheduling order, which will explain the discovery process in more detail.

9) The Court grants Defendants' counsel leave to depose Plaintiff at his place of confinement. Defendants' counsel shall arrange the time for the deposition.

10) Plaintiff shall immediately notify the Court, in writing, of any change in his mailing address and telephone number. Plaintiff's failure to inform the Court of a change in mailing address or phone number will result in dismissal of this lawsuit with prejudice.

11) If a Defendant fails to sign and return a waiver of service to the Clerk within thirty days after the waiver is sent, the Court will take appropriate steps to effect formal service through the U.S. Marshals Service on that Defendant and will require that Defendant to pay the full costs of formal service under Federal Rule of Civil Procedure 4(d)(2).

**12) The Court directs the Clerk to enter the standard qualified protective order under the Health Insurance Portability and Accountability Act.**

**13) The Court directs the Clerk to attempt service on Defendant under the standard procedures.**

ENTERED June 2, 2026.

s/ *Sue E. Myerscough*

_____

SUE E. MYERSCOUGH
UNITED STATES DISTRICT JUDGE